Roig Commercial Bank, demandante y apelado, *v*. Edardo Valladares, Isabel María Solá y Grillo y Salvador F. Solá, hoy su sucesión compuesta de sus hijos Delia Isabel, Salvador Félix y José Luis Solá y Solá, demandados y apelantes todos menos el primero.

No. 4483.—*Visto:* Junio 15, 1928. *Resuelto:* Junio 22, 1928.

*Andrés Mena Latorre,* abogado de los apelantes; *González Fagundo & González Jr.,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El banco demandante obtuvo sentencia a su favor por el montante de un pagaré. Contra uno de los demandados, para probar que ella había otorgado poder a favor de su esposo, el banco presentó como prueba copia de una escritura de poder debidamente certificada por el notario. Se presentó objeción a que se admitiera este documento, en vista de que el banco que lo había obtenido no era parte interesada. Muy acertadamente la corte inferior resolvió que si bien la ley notarial decía que solamente ciertas personas podían obtener copias de escrituras, sin embargo, una vez obtenida, nada había que impidiera que fuesen ofrecidas como prueba.

Sin embargo, un banco que entabla una demanda fundada en un pagaré cuyo otorgante se supone estar actuando de conformidad con la autoridad conferídale en una escritura de poder, es una parte interesada en obtener copia de dicho poder. Una persona que contrata con un agente a nombre de su principal está siempre interesada en probar la existencia de la agencia y tal interés generalmente es pecuniario y suficiente.

■ Convenimos con la corte inferior y con la parte apelada en que de conformidad con el Artículo 119 del Código de Enjuiciamiento Civil, el otorgamiento y la autenticidad de un pagaré copiado en la demanda son admitidos a menos que se nieguen tales hechos en debida forma. Los apelantes dicen que no niegan el otorgamiento ni la autenticidad de dicho pagaré, pero niegan que el supuesto pagaré hipotético fuera identificado como el mismo pagaré en que se funda la demanda. La mejor respuesta a esta aserción es que el pagaré fué ofrecido como prueba durante el juicio, a pesar del hecho de que el banco demandante lo hizo por exceso de precaución. Este fué ofrecido como el pagaré que se describe en la demanda y no se hizo objeción específica por el fundamento de no haber sido debidamente identificado. Convenimos en que en la vista de un caso basado en un pagaré, un demandante debe probar que es dueño y tenedor del mismo en aquel entonces, pero esto fué hecho por el demandante.

■ La única defensa substancial, de podérsele llamar así, era que la demandada principal no recibió beneficio alguno del préstamo y nunca autorizó a su esposo como apoderado suyo a otorgar tal pagaré. La corte inferior contestó suficientemente esta contención citando el caso de *Banco Comercial* v. *Arguinsonis,* 35 D.P.R. 284. Convenimos con los apelantes en que una escritura de poder o un pagaré pueden ser atacados por varios fundamentos, aún si su autenticidad y otorgamiento son admitidos, pero no hallamos que durante el juicio se hiciera un ataque suficiente por medio de prueba.

*La sentencia apelada debe ser confirmada.*